UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                            Criminal No. 05-cr-057-JD

Gordon Reid


O R D E R

Gordon Reid was indicted on one count of interference with commerce by means of robbery in violation of 18 U.S.C. § 1951(a), a Hobbs Act offense, after he allegedly robbed a Hess Gas Station and Convenience Store in Concord, New Hampshire. Reid is proceeding pro se, with appointed stand-by counsel. He has filed four motions, three of them ex parte motions under seal, seeking discovery related to his claim of selective prosecution.[1] The government has responded to the motion seeking discovery from it, which is not ex parte or filed under seal.

Reid contends that the Office of the United States Attorney, for the District of New Hampshire ("U.S. Attorney's Office") does not prosecute white individuals under the Hobbs Act unless the violation is within the heightened standard set in the United

---

[1] Although Reid filed three motions under seal, he refers to those motions in the fourth motion, which is not filed under seal, and filed a supporting memorandum for all four motions, which is also not filed under seal.

States Attorney Manual but does prosecute black individuals whose violations do not meet the heightened standard.  He seeks discovery from the New Hampshire Public Defender, the Federal Public Defender, and the New Hampshire Administrative Office of the Courts of information about cases during the past ten years in which the defendant was charged with robbery of a business and violation of New Hampshire Revised Statutes Annotated § 636:1, including the race or ethnicity of the defendant.  Reid seeks more wide-ranging discovery from the government, generally pertaining to its prosecution of Hobbs Act violations.  The government objects to Reid's motion for discovery.  The other entities have not responded because the motions pertaining to them were filed ex parte.

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."  United States v. Armstrong, 517 U.S. 456, 463 (1996).  To succeed on such a claim, Reid would have to show that he "was prosecuted while others similarly situated were not" and that the prosecutorial decision was based on an impermissible consideration such as race.  United States v. Peterson, 233 F.3d 101, 105 (1st Cir. 2000); see also Armstrong, 517 U.S. at 464-68.  Because the government has broad discretion

in making the decision to prosecute, a presumption of regularity protects those decisions. Id. at 464. To obtain discovery on a selective-prosecution claim, a defendant must present "some evidence tending to show the existence of the essential elements" of the claim, that is, evidence of a "discriminatory effect and discriminatory intent." Id. at 468; see also United States v. Magana, 127 F.3d 1, 8 (1st Cir. 1997). That standard requires "the defendant to produce some evidence that similarly situated defendants of other races could have been prosecuted, but were not," meaning "a credible showing of different treatment of similarly situated persons." Id. at 469 & 470.

In support of his discovery requests, Reid begins by quoting from the United States Attorneys Manual, policy 9-131.030, that advises use of the Hobbs Act robbery offense under § 1951 "only in instances involving organized crime, gang activity, or wide-ranging schemes." He contends that the U.S. Attorney's Office adheres to that policy only with respect to white defendants but not as to black defendants, such as himself. He states that he has found that reported and pending federal cases in New Hampshire, involving white defendants charged under the Hobbs Act, comply with the Manual policy, because the defendants were all involved in wide-ranging schemes. In contrast, he points to his own case and one other where black defendants were charged

with Hobbs Act crimes based on a single robbery, contrary to the Manual policy.  He also reports that the LexisNexis data base shows "a plethora" of white defendants who could have been prosecuted under the Hobbs Act for single robberies but instead were prosecuted in the state system.  He points out that the U.S. Attorney's Office did not prosecute Debra Poirer, who is white and who was arrested at the time of his arrest and charged with conspiracy to commit robbery, while they did prosecute him.[2]

Reid further contends that the government "solicits proffers and like agreements" from white defendants in order to obtain evidence against their black co-defendants, who are not offered deals.  In support of his theory, he provides the affidavits of Matthias Morgan and Charles Glen who are both black.  They recount their experiences in which a white co-defendant gave evidence against them, although the government did not offer them the same opportunity to provide evidence in exchange for leniency.  Reid states in his affidavit that he was not offered any kind of a deal in exchange for evidence that he might provide.

The government responds, supported by the affidavit of the

---

[2] Reid contends that this practice is either because the state does not refer white defendants to federal prosecutors or because federal prosecutors decline to prosecute white defendants who are referred from the state.

Chief of the Criminal Division of the U.S. Attorney's Office, that the office does not make prosecutorial decisions based upon the race of the accused and did not do so in Reid's case.  The government states that while the policy stated in the Manual is one consideration in the prosecution decision, there are others, including the defendant's criminal history and whether a firearm was used or threatened in the commission of the robbery.[3]  In particular, under a Department of Justice program titled "Project Safe Neighborhood," the U.S. Attorney's Office prosecutes crimes in which a firearm was used or threatened.  The government points out that Reid has an extensive criminal history and was on parole at the time of his arrest and that he threatened to use a firearm as part of the robbery.  Those are the factors, according to the government, that led to Reid's prosecution on the Hobbs Act charge.

In contrast, Poirier was sitting in her car during the robbery attempt and initially denied any knowledge of Reid's plan to rob the store.  The state dropped the charges against her due to a lack of evidence.  Later, however, Poirier admitted knowing

---

[3]The government also notes that the Manual provides no substantive rights for criminal defendants.  Here, however, the Manual is cited only for the purpose of showing the government's selective adherence to the policy on Hobbs Act crimes as part of Reid's claim of a discriminatory intent.

5

of Reid's intent and agreed to provide evidence against him. Poirier has also been indicted by a federal grand jury for distributing crack cocaine and will be tried on those charges in February of 2006.

In his affidavit, the Chief of the Criminal Division also provided a list of twenty-five cases in which defendants were charged under the Hobbs Act during the past five years.  For each case, the race of the defendant is included in parentheses based on the recollections of the Assistant United States Attorneys who handled the cases.  Those cases involve sixteen defendants listed as Caucasians, one Asian, seven African-Americans, and one Hispanic.  A quick check of this court's dockets for the cited cases shows that several of the white defendants were prosecuted for single robbery Hobbs Act violations that are remarkably similar to the crime with which Reid is charged.

Reid's argument that the government selectively prosecuted him under the Hobbs Act, based on his race, is not supported by credible evidence of discrimination.  There is even less support for his claim that the government selectively offers plea deals based on race.  Therefore, additional discovery on Reid's selective prosecution claim is not warranted.

### Conclusion

For the foregoing reasons, the defendant's motions for discovery and for subpoena duces tecum (documents no. 50, 51, 52, 53, 57, 58, and 59) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 13, 2006

cc:   Gordon Reid, pro se
      Helen W. Fitzgibbon, Esquire
      Michael J. Iacopino, Esquire
      U.S. Probation
      U.S. Marshal