**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>United States of America</u>

     v.                          Criminal No. 05-cr-057-01-JD

<u>Gordon Reid</u>


**O R D E R**

Defendant, in his third motion for discovery (document no. 56), seeks discovery concerning an identified government witness, Deborah Poirier, and of a Justice Department policy. Specifically, defendant seeks:

     1.   Ms. Poirier's psychiatric, psychological and pharmacological records (document no. 56, p.1, (a));

     2.   All information related to any offers or promises to Ms. Poirier for her cooperation and/or testimony (document no. 56, p.2-3, (a), (c) and (f));

     3.   Information as to whether she was or was not charged with a crime as a result of investigations (document no. 56, p.2, (d));

     4.   Information of investigations in which she was a "target" whether conducted by federal, state or local authorities (document no. 56, p.3, (e));

     5.   A copy of the "discovery" in Ms. Poirier's indicted case, (document no. 56, p.3, (g)); and

     6.   A copy of the USAM Policy setting forth the factors to be considered in deciding whether to charge under 21 U.S.C. § 841.

The government does not object to providing discovery as required by the Federal Rules of Criminal Procedure, nor of <u>Brady</u> or <u>Giglio</u> materials but otherwise does object.

Considering the last request first, I deny the motion as it relates to the Justice Department policy.  The policies confer no substantive rights on defendants.  <u>See</u> <u>United States v. Gary</u>, 74 F.3d 304, 313 (1st Cir. 1995).  They are not relevant.  The remaining requests are considered in order.

1.   <u>Mental health and pharmacological records of Poirier</u>.

Evidence concerning a government witness's mental health history may be used to impeach the credibility of that witness if defendant can show that during the time of the observed events the witness's ability to perceive and remember events affected her ability to testify truthfully.  <u>United States v. Butt</u>, 955 F.2d 77, 82 (1st Cir. 1992); <u>United States v. Moore</u>, 923 F.2d 910, 913 (1st Cir. 1991).  In fact, ". . . the jury should,

2

within reason, be informed of all matters affecting a witness's credibility. . ." <u>United States v. Partin</u>, 493 F.2d 750, 762 (5th Cir. 1974).

It follows that defendant is entitled to Ms. Poirier's mental health and drug records.  A prosecutor "using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment requested regarding a witness." <u>United States v. Osorio</u>, 929 F.2d 763, 761 (1st Cir. 1991).  That duty, however, is limited as follows:

> Neither the relevant Supreme Court precedent under <u>Brady</u> nor our decision in <u>Osorio</u> requires a prosecutor to seek out and disclose exculpatory or impeaching material not in the government's possession.  To comply with <u>Brady</u> the individual prosecutor has a duty to find any evidence favorable to defendant that was known to those acting on the government's behalf.  (citations omitted).

<u>United States v. Bender</u>, 304 F.3d 161, 164 (1st Cir. 2002).  The prosecutor is directed "to make a reasonable inquiry of those in a position to have relevant knowledge." <u>United States v. Osorio</u>, 929 F.2d at 756.  After the inquiry is made the prosecutor is to deliver any additional responsive material to the defendant or advise him that nothing was obtained.

2.   <u>Promises</u>.

The letter of November 22, 2005 to Attorney Monteith has already been provided to defendant.  The government has stated that there are no other promises.  The request is moot.

3.   <u>Charges</u>.

The government has provided defendant with a copy of the three count criminal indictment against Ms. Poirier and a copy of her criminal record.  The request is moot.

4.   <u>Investigations</u>.

To the extent that they have not already been provided the prosecutor should provide discovery responsive to this request except for any information related to ongoing investigations.

5.   <u>Discovery in Ms. Poirier's case</u>.

Granted.

The motion is granted in part, denied in part and moot in part.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 20, 2006
cc:   Gordon Reid, *pro se*
      Helen W. Fitzgibbon, Esq.
      Michael J. Iacopino, Esq.

4