UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                              Criminal No. 05-cr-057-JD

Gordon Reid

O R D E R

      Gordon Reid moves, pursuant to Federal Rules of Criminal Procedure 12(b)(3)(B), to dismiss the superseding indictment, charging him with a Hobbs Act violation, on the ground that it is deficient because it fails to allege intent.[1]  Reid relies on United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999), in which the court held that a timely challenge to an indictment alleging a Hobbs Act violation should be granted if the indictment fails to allege intent.  The government responds, relying on United States v. Gray, 260 F.3d 1267, 1282-83 (11th Cir. 2001), that the indictment is not deficient, despite the absence of an allegation of intent, because intent may be inferred from the wrongful conduct alleged.

      As a preliminary matter, Reid's motion is untimely.  Federal Rule of Criminal Procedure 12(c) allows the court to set deadlines for pretrial motions.  Under the local rules of this district, dispositive motions must be filed "no later than

---

[1] Intent, that is that a charged Hobbs Act violation was committed knowingly and willfully, is an essential element of the offense.  United States v. Cruzado-Laureano, 404 F.3d 470, 480 (1st Cir. 2005).

twenty-one (21) days prior to trial." LCrR 12.1(b). Federal Rule of Criminal Procedure 12(e) provides that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides."

No extension of the twenty-one day deadline was requested or provided in this case. The trial is scheduled to begin on February 7, 2006. Reid filed the Rule 12(b)(3) motion on January 27, 2006. Therefore, Reid failed to file the motion before the deadline, waiving the issue of the sufficiency of the indictment that he raises. See United States v. Rodriguez-Marrero, 390 F.3d 1, 11-12 (1st Cir. 2004).

If the motion had been timely filed, a question would arise as to which of the standards to apply in this case. However, the Du Bo standard, on which Reid relies, applies only when an indictment is challenged by a timely motion. See United States v. Mojica-Baez, 229 F.3d 292, 308 (1st Cir. 2000). When a defendant makes a late objection that the indictment fails to charge an essential element of the offense, the objection "'shall be noticed by the court at any time during the pendency of the proceedings.'" Id. at 309 (quoting Fed. R. Crim. P. 12(b)(2), amend. eff. Dec. 1, 2002). In that event, the court need only determine whether the indictment sufficiently informed the accused of the offense with which he is charged and would allow him to assert a defense of double jeopardy in subsequent

prosecutions.  Id.  When the indictment incorporates the statutory language stating the offense, it must also provide "'such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" Id. (quoting Hamling v. United States, 418 U.S. 87, 117–18 (1974)).

The superseding indictment in this case charged, in pertinent part:

> On or about February 13, 2005, in Concord, in the District of New Hampshire, the defendant, GORDON REID . . . did unlawfully take and obtain personal property consisting of money and other property belonging to the Hess Gas Station and Convenience Store at 175 North Main Street, Concord, New Hampshire, from an employee of the Hess Station and Convenience store [sic], against the employee's will, by means of force, violence and fear of injury.

That charge tracks the statutory language and includes specific detail about the offense, but omits any allegation that the robbery was committed knowingly or willfully.[2]

---

[2] The Hobbs Act provides, in pertinent part:

> "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."

18 U.S.C. § 1951(a).  Robbery is defined as:

In <u>United States v. Woodruff</u>, 296 F.3d 1041, 1046-47 (11th Cir. 2002), and <u>Gray</u>, 260 F.3d at 1283, the Eleventh Circuit held that intent could be inferred from allegations that tracked the Hobbs Act.  Specifically, the court concluded that because the indictment charged that the accused "'did unlawfully take and obtain personal property . . . by means of actual and threatened force, violence, and fear of immediate injury' . . . [it] necessarily alerted the defendant that he was charged with having knowingly committed the crime."  <u>Woodruff</u>, 296 F.3d at 1047; <u>accord</u> <u>Hughes v. United States</u>, 241 F. Supp. 2d 148, 153 (D.R.I. 2003).

The same reasoning is persuasive in this case.  The indictment charges Reid with robbery, in the language of the statute and includes specific detail about the crime.  It may be inferred that the robbery was committed knowingly and willfully from the charge that Reid took money and property from the store "against the employee's will, by means of force, violence and

---

"the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."

§ 1951(b)(1).

4

fear of injury." Based on the analysis that is more fully set forth in Woodruff, the indictment is sufficient to convey that Reid is charged with acting knowingly and willfully.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 87) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 1, 2006

cc: Gordon Reid, pro se
    Helen W. Fitzgibbon, Esquire
    Michael J. Iacopino, Esquire
    U.S. Probation
    U.S. Marshal