UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                            Criminal No. 05-cr-057-JD

<u>Gordon Reid</u>


O R D E R

    Gordon Reid is charged with one count of interference with commerce by means of robbery in violation of 18 U.S.C. § 1951(a), a Hobbs Act offense, after he allegedly robbed a Hess Gas Station and Convenience Store in Concord, New Hampshire.  He moves to suppress the pretrial identifications and anticipated in-court identifications of him by two witnesses, asserting that the pretrial identifications were impermissibly suggestive, which also would give rise to a substantial likelihood of misidentification in court.  The government objects to both motions.  Reid also moves for a hearing on his motions.


<u>Discussion</u>

    "'A criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion.'"  <u>United States v. Lewis</u>, 40 F.3d 1325, 1332 (1st Cir. 1994) (quoting <u>United States v. Panitz</u>, 907 F.2d 1267, 1273 (1st Cir. 1990)).  An evidentiary hearing is required only if the

defendant first alleges "facts that, if proven, would entitle him to relief." Id.  "The burden is on the defendant to allege facts, 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'" United States v. Calderon, 77 F.3d 6, 9 (1st Cir. 1996) (quoting Lewis, 40 F.3d at 1332).

"[A] court is to withhold identification evidence from the jury only in extraordinary circumstances." United States v. Lebron-Cepeda, 324 F.3d 52, 58 (1st Cir. 2003).  When a defendant challenges the admissibility of identification evidence, the court uses a two-part analysis to determine whether the evidence must be suppressed.  United States v. Lopez-Lopez, 282 F.3d 1, 10 (1st Cir. 2002).  First, the defendant must show that the identification procedure was impermissibly suggestive.  United States v. Gray, 958 F.2d 9, 14 (1st Cir. 1992); see also United States v. Sullivan, 431 F.3d 976, 985 (6th Cir. 2005).  If he satisfies that burden, the court then considers whether in light of the totality of the circumstances the identifications were nevertheless reliable.  Lopez-Lopez, 282 F.3d at 10-11.  The same test applies to in-court identifications, that is, "in-court identification testimony is admissible unless its basis, the pretrial identification, has proven so impermissibly suggestive as to give rise to a very substantial likelihood of

misidentification."  United States v. Maguire, 918 F.2d 254, 264 (1st Cir. 1990).

In support of both of his motions to suppress, Reid alleges, supported by his affidavit, that he is accused of robbing the Hess Convenience Store on the night of February 13, 2005.  He states that about an hour after the alleged robbery, he was arrested several blocks away from the store by two Concord police officers and put in the back seat of a marked police cruiser.  He was then "taken back to the Hess Convenience Store for the purpose of conducting a one-person show-up."

At the store, "the two officers opened the backdoor of the cruiser, jumped in the backseat with the Defendant, and placed him in a headlock."  Renee King, the only employee on duty in the store at the time of the alleged robbery, was brought forward and identified Reid "as the perpetrator."  David Broadbent who was a customer at the store was also brought forward and identified Reid "as the perpetrator."  Based on those allegations, Reid asserts that the identification process was impermissibly suggestive so that King's and Broadbent's identifications of him, both at the scene and in court, should be suppressed.

The government provides statements of facts in each of its objections that are not supported by affidavits, references to the record, or any other evidentiary basis.  Cf., e.g., United

3

States v. Gomez Pizarro, 364 F. Supp. 2d 56, 65 (D.P.R. 2005). In addition, the government makes only a brief appeal that the identification procedure used was not impermissibly suggestive and cites no analogous cases in support of its argument.  Despite the government's anemic response, at least two cases appear to support a conclusion that the show-up in Reid's case was not unduly suggestive.

In United States v. Watson, 76 F.3d 4, 6 (1st Cir. 1996), the court affirmed the district court's denial of a motion to suppress a show-up identification, concluding that it was not unduly suggestive.  In Watson, the defendant pistol whipped a teenager, causing the gun to fire and then to jam, which gave the teenager an opportunity to escape.  Hearing the shots, a Boston police officer drove to the site and put a call out on his radio. The defendant fled on foot after his Porsche stalled in a puddle. Two more officers arrived, chased the defendant, and caught him. The officers then brought the defendant over to the victim for identification, and the victim identified the defendant as his assailant.  The appeals court concluded that the show-up identification was not unnecessarily suggestive because "[s]how-ups that take place immediately after the offense has been committed may be necessary in order to avoid the mistaken apprehension of the wrong person."  Id.; see also Lebron-Cepeda,

324 F.3d at 59 (identification not impermissibly suggestive although defendant identified after witness saw him sitting handcuffed in police cruiser because identification was contemporaneous with events).

The show-up identification in this case might arguably fall into the category of a necessarily immediate identification of a suspect.  On the other hand, because Reid alleges that he was identified by King and Broadbent while being held in a headlock by police officers, that circumstance, taken as true, might provide a basis for further factual development of his claim. Reid did not address the reliability prong of the analysis, however, leaving that part of his claim without factual support.

In response, the government argues that the identifications were reliable but failed to provide a properly supported factual basis for its opposition.  Therefore, as a result of the government's failure to provide a properly supported opposition, a hearing is necessary to provide a sufficient factual basis upon which the court can decide the issues Reid raises in his motions.

Conclusion

For the foregoing reasons, the defendant's motion for a hearing on his suppression motions (document no. 104) is granted. The hearing will be held on February 8, 2006, at 10 a.m.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

February 3, 2006

cc: Gordon Reid, pro se
    Michael J. Iacopino, Esquire
    Helen W. Fitzgibbon, Esquire
    U.S. Probation
    U.S. Marshal