UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                              Criminal No. 05-cr-057-JD

Gordon Reid

O R D E R

     Gordon Reid was charged with one count of interference with interstate commerce by means of robbery in violation of 18 U.S.C. § 1951(a), a Hobbs Act offense, after he allegedly robbed a Hess Gas Station and Convenience Store in Concord, New Hampshire.  He moves to disqualify the lead prosecutor in this case, Helen White Fitzgibbon, on the ground that he intends to call her as a witness at trial.  Reid moves to dismiss the charge against him, asserting a violation of the Speedy Trial Act.  He also moves to dismiss the second superseding indictment as deficient.

I.  Motion to Disqualify

     Reid included the lead prosecutor in this case, Helen White Fitzgibbon, on his witness list.  In anticipation of calling Fitzgibbon as a witness at trial, Reid moves to disqualify her from serving as the prosecutor in his case.  Reid states that he intends to call Fitzgibbon to testify about certain matters pertaining to two government witnesses, Deborah Poirier and Renee

King.

"[T]he advocate-witness rule [] generally bars an attorney from appearing as both an advocate and a witness in the same litigation." United States v. Angiulo, 897 F.2d 1169, 1194 (1st Cir. 1990) (internal quotation marks omitted). Because of the rule, "[a] defendant must establish a 'compelling need' before being allowed to call a prosecutor as a trial witness, a step that will usually require the prosecutor to step aside." United States v. Oreto, 37 F.3d 739, 746 (1st Cir. 1994). A compelling need cannot be shown as long as other sources are available for the same evidence. See United States v. Bin Laden, 91 F. Supp. 2d 600, 623 (S.D.N.Y. 2000).

Reid previously sought discovery from the government focusing on promises the government may have made to Poirier related to her recanted statement about the robbery and her expected testimony at Reid's trial, including all correspondence between Poirier's counsel and the government in relation to any charge Poirier may have had pending within the last two years. The magistrate judge denied Reid's motion to compel further discovery on the grounds that Reid had been provided a copy of the letter from Poirier's attorney to the government and that the government stated there were no other promises made to Poirier. Unsatisfied with that result, Reid now seeks to examine

2

Fitzgibbon at trial about the government's dealings with Poirier.

Reid's attempt to call Fitzgibbon to testify about the government's relationship with Poirier appears to be an attempt to evade the court's discovery ruling. He has provided nothing that suggests the government has withheld information that should have been disclosed. He also has provided nothing that suggests Fitzgibbon would have admissible evidence that is not available through cross-examination of Poirier or other witnesses. Therefore, Reid has not made the necessary showing of compelling need with respect to testimony by Fitzgibbon related to Poirier.

Reid also seeks Fitzgibbon's testimony about assistance the government has provided to another government witness, Renee King. Reid states that, based on disclosures he has received from the government, the government has provided financial assistance to King. He has not indicated that any information has been withheld from him, nor has he explained what information he would seek about that assistance from Fitzgibbon. Therefore, he has not made the necessary showing with respect to testimony by Fitzgibbon about King.

II.  <u>Motion to Dismiss for Lack of Speedy Indictment</u>

Reid contends that the indictment against him must be dismissed because the original indictment was filed more than thirty days after he was arrested and because the superseding indictments were even more delayed.  The government opposes his motion, contending that it is untimely and fails on the merits.

As was addressed in response to Reid's previous motion to dismiss the indictment, such motions should have been filed twenty-one days before trial.  <u>See</u> Fed. R. Crim. P. 12(b)(3)(B); LCrR 12.1(b).  Because trial is scheduled to begin on February 7, 2006, and the motion was filed on February 2, 2006, it is not timely.  Even if it were considered on the merits, however, the motion would fail.

18 U.S.C. § 3161(b) provides that an indictment must be filed within thirty days "from the date on which such individual was arrested or served with a summons in connection with such charges."  The Speedy Trial Act, of which § 3161(b) is a part, "applies only to federal criminal prosecutions, and the time limit is triggered only by an arrest 'in connection with [a criminal] charge.'"  <u>United States v. Garcia-Martinez</u>, 254 F.3d 16, 19 (1st Cir. 2001) (quoting § 3161(b)).  The Speedy Trial Act is not triggered when the defendant is arrested by state officers and charged with state crimes, even when federal officers or

4

prosecutors are also involved in the investigation.  Id. (citing cases from other jurisdictions).  An exception exists if the state authorities are holding the defendant at the request of federal authorities or if federal and state authorities are involved in collusion, as distinct from intergovernmental cooperation, to extend the time for the federal authorities to procure an indictment.  See, e.g., United States v. Woolfolk, 399 F.3d 590, 596 (4th Cir. 2005); United States v. Badru, 97 F.3d 1471, 1476 (D.C. Cir. 1996).  Further, a Sixth Amendment violation depends on the result of weighing four factors, the length and reasons for the delay, the defendant's position as to the delay, and prejudice caused by the delay.  United states v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972), and United States v. Ewell, 383 U.S. 116, 120 (1966)).

    Reid acknowledges that he was arrested by Concord (New Hampshire) Police Officers on February 13, 2005.  He was then held at the Merrimack County Jail on state charges.  He was indicted on the federal Hobbs Act charge on April 13, 2006.  He contends that the federal and state authorities colluded to delay the federal indictment in order to prevent him from obtaining evidence in support of his defense that he was impaired by an unknown substance slipped into his drink on the night the robbery

occurred.

The report of Concord Police Officer Michael D. Cassidy, dated February 23, 2005, states that he submitted a copy of his report to the United States Attorney's Office for review and that he would conduct any further investigation requested by that office, suggesting that the federal authorities were notified of the robbery at that time.  There is no evidence, however, of collusion to delay the federal indictment for any reason, including to prevent Reid from obtaining evidence.  In fact, the police record Reid submits shows that blood was drawn when he was taken to Concord Hospital the night of the robbery.  He has not said that the blood sample or the results of any testing were not available to him.  In addition, even under Reid's theory that he had ninety days from the date of the incident to have a hair sample tested by a toxicologist, he has not shown that he was unable to accomplish the testing during the remaining month after he was indicted on federal charges.  Therefore, there is no basis to dismiss the indictment under § 3161(b) or as a violation of the Sixth Amendment, based on the dates of his arrest and the original indictment.

Reid also argues that the superseding indictments, filed in August of 2005 and February of 2006, are untimely.  The two superseding indictments contained the same single Hobbs Act

charge based on the same facts as the original indictment.  The first superseding indictment included a statement about interstate commerce and added other names used by Gordon Reid.  The second superseding indictment added "knowingly" to the same Hobbs Act charge.  As such, the superseding indictments are not subject to the thirty-day rule of § 3161(b).  United States v. Mitchell, 723 F.3d 1040, 1044-45 (1st Cir. 1983); United States v. Brown, 335 F. Supp. 2d 146, 148-49 (D. Me. 2004).

III.  Motion to Dismiss Second Superseding Indictment

Reid moves to dismiss the second superseding indictment as deficient because it alleges that he committed the robbery "knowingly" but does not also allege "purposefully."  The court previously addressed the elements of the Hobbs Act charge in denying Reid's motion to dismiss the prior indictment.  The addition of "knowingly" makes explicit the intent that may otherwise be inferred from the remainder of the charge.

Conclusion

For the foregoing reasons, the defendant's motion to disqualify (document no. 112) and his motions to dismiss (documents no. 105 and 111) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 7, 2006

cc: Gordon Reid, pro se
    Michael J. Iacopino, Esquire
    Clyde R.W. Garrigan, Esquire
    Helen W. Fitzgibbon, Esquire
    U.S. Probation
    U.S. Marshal