```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                              Criminal No. 05-cr-057-JD

Gordon Reid


O R D E R

    Attorney Richard Monteith moves to quash a subpoena served on him requiring his testimony at trial next week.  In support of his motion, Monteith represents that he is counsel to Deborah Poirier in an unrelated criminal case in this court and that Poirier has cooperated with the government in this case against Reid.  Monteith asserts that Poirier is asserting her attorney-client privilege with respect to his communications with her, which will prevent him from testifying at Reid's trial.

    "Familiarly, the attorney-client privilege--somewhat simplified--is a privilege of a client to refuse to testify or to have his counsel testify as to confidential communications between the two made in connection with the rendering of legal representation . . . ."  In re Grand Jury Proceedings, 417 F.3d 18, 21 (1st Cir. 2005).  The privilege applies only to communications between a client and her attorney, for the purpose of legal representation, but not to communications with third parties.  United States v. Bisanti, 414 F.3d 168, 171 (1st Cir. 2005).  The person invoking attorney-client "privilege bears the

burden of establishing that it applies to the communications at issue and that it has not been waived." In re Keeper of Records, 348 F.3d 16, 22 (1st Cir. 2003).

At the present juncture of the case, the nature of the testimony Reid seeks from Monteith has not been established. Although Monteith asserts that he has no information relevant to Reid's case other than privileged communications with Poirier, he has not made a sufficient showing to invoke the protection of the privilege on behalf of Poirier for the purpose of quashing the subpoena. He may, however, assert attorney-client privilege in the course of his testimony at trial, if he can show that the privilege applies as to the particular inquiry and that it has not been waived.

## Conclusion

For the foregoing reasons, the motion to quash the subpoena filed by Attorney Monteith (document no. 128) is denied without prejudice to assert the privilege at trial.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

February 10, 2006

cc:  Gordon Reid, pro se
     Michael J. Iacopino, Esquire
     Helen W. Fitzbiggon, Esquire
     Clyde R. W. Garrigan, Esquire