UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                              Criminal No. 05-cr-057-JD

Gordon Reid

O R D E R

The government moves in limine to preclude inquiry at trial about an automobile accident in April of 2002, involving a government witness, Renee King.  Renee King was the store clerk at the Hess Gas Station and Convenience Store in Concord, New Hampshire, on the night of February 13, 2005, when the store was robbed.  Gordon Reid is charged with one count of interference with interstate commerce by means of robbery in violation of 18 U.S.C. § 1951(a), a Hobbs Act offense, after he allegedly committed that robbery.

King was the driver of the car at the time of the accident in April of 2002 in which her two-year old son was killed.  King admitted to having smoked marijuana two days before the accident and to taking a Paxil pill the day before.  She also told police that there had been marijuana in the car.  Test results showed a residual amount of THC in King's blood at the time of the accident that was too low to cause any level of impairment.  The state did not prosecute King, although her license was suspended.

The government seeks to prohibit inquiry of King about the accident, contending that evidence about the accident is not relevant to the crime with which Reid is charged and is not otherwise admissible.  Because King was not convicted of any crime related to the accident, Federal Rule of Evidence 609 does not apply here.  The Hobbs Act robbery, with which Gordon Reid is charged, is unrelated to the events of the accident.

In his objection, Reid appears to concede that Federal Rule of Evidence 608(b) would not support use of evidence of the accident at trial.  The court agrees.  Federal Rule of Evidence 608(b) allows evidence of "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . ." except that such conduct "may not be proved by extrinsic evidence."  See United States v. Tse, 375 F.3d 148, 166 (1st Cir.2004).  Specific instances of conduct may be inquired into on cross-examination if they are probative of the witness's character for truthfulness or untruthfulness.  "Extrinsic evidence is evidence of specific instances of conduct not relevant to the litigation to establish a fact of consequence, i.e., evidence of a collateral matter." United States v. Boulerice, 325 F.3d 75, 82 n.5 (1st Cir. 2003) (internal quotation marks omitted).  "A matter is collateral if the matter itself is not relevant in the litigation to establish

a fact of consequence, i.e., not relevant for a purpose other
than mere contradiction of the in-court testimony of a witness."
United States v. Marino, 277 F.3d 11, 24 (1st Cir. 2002).

The accident and its circumstances are not probative of
King's character for untruthfulness.  To the extent the evidence
of King's marijuana use in 2002 might have some probative value,
concerning the likelihood she was impaired by marijuana use on
the night of the robbery in 2005, that issue is amply covered by
the excerpts from King's medical records that were disclosed by
the court.  Therefore, the accident evidence would be merely
cumulative.

Reid argues that evidence of the accident is admissible as
to King as the victim of the robbery under Federal Rule of
Evidence 404(a)(2).  That rule allows evidence "of a pertinent
trait of character of the alleged victim of the crime offered by
an accused."  Reid argues that evidence of the accident is
pertinent to King's "character as proof of her criminal
disposition, and that the alleged robbery may not have been a
robbery at all, but a theft perpetrated by the very person
claiming to be a 'victim.'"

The accident does not show or even suggest that King would

have a criminal character trait, as Reid suggests.[1]  The accident

is a collateral matter that has no relevant purpose in this case

other than to contradict King if she were to deny that she had

used marijuana in the past, and such evidence is inadmissible

under Rule 608(b).  Further, the painful and unfairly prejudicial

nature of evidence about the accident outweighs any probative

value it might have.  Fed. R. Evid. 403.  Therefore, evidence

related to the 2002 accident is excluded.


<u>Conclusion</u>

For the foregoing reasons, the government's motion in limine

to exclude evidence about the 2002 accident (document no. 99) is

granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 10, 2006

cc:  Gordon Reid, pro se
     Michael Iacopino, Esquire
     Helen W. Fitzgibbon, Esquire
     Clyde R.W. Garrigan, Esquire
     U.S. Probation
     U.S. Marshal

_____

[1]The court need not and does not determine whether King is a
"victim" within the meaning of Rule 404(a)(2).  <u>Cf.</u> <u>United States
v. Bailey</u>, 834 F.2d 218, 228 (1st Cir. 1987).