```
             UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                 Criminal No. 05-cr-057-JD

<u>Gordon Reid</u>

<u>SEALED ORDER</u>

Gordon Reid moves ex parte for reconsideration of the court's previous ruling denying his motion for subpoenas to two detectives and two other individuals involved in an unrelated robbery. Reid argues that because one of the individuals involved in the alleged robbery is Renee King's brother-in-law, because both suspects were found in King's house, and because stolen property was found there as well, that evidence is admissible against King under Federal Rule of Evidence 404(a)(2). He argues that King was the victim of the robbery at the Hess Store, which is the subject of the charge alleged against him, and that evidence about the robbery involving her brother-in-law and another individual is evidence of a "pertinent trait of character" about King.

Reid's theory is that King, rather than Reid, robbed the Hess store. He contends that the evidence of the robbery allegedly committed by King's brother-in-law and another individual is pertinent to her character to commit robbery

herself.

The robbery evidence offers little or nothing about King's character. There is no evidence that she was complicit in the crime other than living in the house where her husband's brother kept stolen property. In addition, if the evidence showed that she had committed a crime or a wrongful act in connection with the alleged robbery, Federal Rule of Evidence 404(b) would preclude use of such evidence to show her character to commit robbery at the Hess store. Further, such evidence is collateral to the matter at hand and is unfairly prejudicial under Federal Rule of Evidence 403.

## Conclusion

For the foregoing reasons, the defendant's motion to reconsider (doc. no. 137) is denied.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

February 10, 2006

cc:  Gordon Reid, pro se
     Michael J. Iacopino, Esquire