UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

v.                              Criminal No. 05-cr-057-JD

Gordon Reid

O R D E R

Gordon Reid has moved on the second day of trial to exclude
the government's footprint evidence on the ground that the
government did not disclose the examination and tests done on
footprints found near the scene of the robbery in a timely
manner.  Federal Rule of Criminal Procedure 16(a)(1)(F) requires
the government to disclose, at the defendant's request, "the
results or reports of any physical or mental examination and of
any scientific test or experiment" if the information is in the
government's control, the prosecutor knows or should know the
information exists, and the information is material to the
defense or will be used by the government in its case at trial.
The local rules in this district require the government to
disclose the information and materials discoverable under Federal
Rule of Criminal Procedure 16(a)(1), without waiting for the
defendant's demand, within fourteen days of the defendant's
arraignment absent agreement to the contrary.  LCrR 16.1(a)(1).

Reid represents that Timothy Jackson analyzed footprint
evidence from the area of the robbery for the government on April

20, 2005.[1]  Reid also represents that he did not receive information about the footprint evidence and its analysis until November 21, 2005, long after the fourteen-day deadline.  The government has not had the opportunity to respond to Reid's motion.

Reid's motion is itself untimely.  <u>See</u> LCrR 12.1(b).  In addition, Reid acknowledges that the footprint evidence was disclosed to him months ago, which gave him ample opportunity to prepare a defense to that evidence.  Therefore, despite the time limit in the local rule, the testimony of the government's witness pertaining to the footprint evidence will not be excluded.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion in limine pertaining to footprint testimony (document no. 151) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

February 13, 2006
cc:  Gordon Reid, pro se
     Helen W. Fitzgibbon, Esquire
     Clyde R.W. Garrigan, Esquire
     Michael J. Iacopino, Esquire

---

[1]Although Reid refers to "Case Notes" that were to be appended to his motion, no appendix was filed.  The government identifies Timothy A. Jackson, on its witness list, as a criminalist with the New Hampshire State police Forensic Laboratory.