UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                          Criminal No. 05-cr-057-JD

Gordon Reid


                            SEALED ORDER


     Gordon Reid renews his ex parte motion for subpoenas to be

issued to Detectives Patterson and Mucci, Tony Moccia, and Harold

King.  Reid previously moved for subpoenas for the same

individuals, arguing that they had information that he intended

to use to impeach Renee King, who has now testified on behalf of

the government.  That motion was denied on the grounds that the

information sought was not admissible pursuant to Federal Rule of

Evidence 608.  On reconsideration, the court again denied the

motion after considering the application of Federal Rules of

Evidence 404(a)(2), 404(b), and 403.

     Reid now argues in support of his renewed motion that

because the government introduced "extrinsic evidence" during its

examination of Renee King about her knowledge of and culpability

for the criminal activity of her brother-in-law, Harold King, and

his associate, Tony Moccia, her testimony has "opened the door"

for Reid to impeach her with testimony from the detectives,

Moccia, and King to contradict her testimony.  He further argues

that the testimony of these witnesses is not governed by Rule 608(b), but instead must be evaluated under Federal Rules of Evidence 402 and 403.

Once again, Reid is attempting to send this trial into a detour to examine the criminal activity of others that is unrelated to the events at issue in this case.  King testified that she was aware of her brother-in-law's criminal activity and that she told the investigating detectives what she knew.  Reid thoroughly cross-examined King on this subject.  Unable to shake her testimony, he now seeks testimony from additional witnesses to show or imply that, contrary to her testimony, Renee King was involved in that criminal activity.

The court will not allow this trial to be sidetracked into an examination of criminal activity that is unrelated to the charge against Reid for which he is being tried in this case.  As was explained to Reid previously, Rule 608(b) precludes use of extrinsic evidence of a collateral matter to impeach a witness's character for truthfulness.  United States v. Tse, 375 F.3d 148, 166-67 (1st Cir. 2004).  In this motion, Reid indicates that he does not intend to use the additional witnesses' testimony for that purpose.  Instead, he intends to impeach King's testimony by contradiction, based on a theory that the government "opened the door" by introducing "extrinsic evidence" through her testimony

about that activity.

King's testimony about the activities of Moccia and Harold King was not "extrinsic evidence" of her own knowledge about those events.  United States v. Boulerice, 325 F.3d 75, 82 n.5 (1st Cir. 2003) ("Evidence is extrinsic if offered through documents or other witnesses, rather than through [examination] of the witness himself or herself.") (internal quotation marks omitted).  The government did not introduce any other evidence about King's knowledge of the criminal activities of Moccia and Harold King.

Reid contends that the testimony of the detectives, Moccia, and Harold King is admissible to impeach Renee King by contradicting her testimony about her lack of involvement in the criminal activities.  To the contrary, "largely for reasons of efficiency, extrinsic evidence to impeach is only admissible for contradiction where the prior testimony being contradicted was itself material to the case at hand."  United States v. Perez-Perez, 73 F.3d 224, 227 (1st Cir. 1995); accord United States v. Camuti, 78 F.3d 738, 744 (1st Cir. 1996) ("Ordinarily, extrinsic evidence is not admissible to impeach by contradiction, but an exception exists where the contradiction is on a material issue.").  The criminal activities of Moccia and Harold King are collateral matters that are not material to this trial.  "A

matter is collateral if the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness." United States v. Marino, 277 F.3d 11, 24 (1st Cir. 2002) (internal quotation marks omitted). Therefore, the testimony Reid seeks is inadmissible to use for impeachment by contradiction.

To the extent Reid argues that the testimony of the four listed individuals is admissible under Federal Rules of Evidence 402 and 403, he is mistaken.  Rule 402 states that all relevant evidence is admissible except as otherwise provided by, among other things, the Federal Rules of Evidence.  Rule 403 states that relevant evidence may be excluded if its probative value is outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

King's testimony about the collateral matters involving her brother-in-law and Moccia has no probative value as to the charge against Reid, and therefore, extrinsic evidence is not admissible to contradict her statement.  Further, the minimal probative value of any additional evidence on these collateral matters is far outweighed by the danger of confusing the issues and

misleading the jury and by considerations of undue delay and a
waste of time.

Conclusion

For the foregoing reasons, the defendant's renewed motion
for subpoenas (document no. 156) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 17, 2006

cc:  Gordon Reid, pro se
     Michael J. Iacopino, Esquire