```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                               Criminal No. 05-cr-057-JD

Gordon Reid


SEALED ORDER

Gordon Reid is charged with one count of robbery under the Hobbs Act, 18 U.S.C. § 1951. His first trial ended in a mistrial when the jury was unable to reach a unanimous verdict. In anticipation of a new trial, Reid moves ex parte pursuant to 18 U.S.C. § 3006A(e)(1) for services from three expert witnesses to address certain evidence that he expects the government to introduce at the second trial. Reid has been determined to be indigent.

Reid requests expert services for footwear impression identification, forensic meteorology, and for fingerprint identification. To be entitled to authorization to employ experts under the Criminal Justice Act, Reid must convince the court that the requested expert services are necessary for an adequate representation. § 3006A(e)(1); United States v. Manning, 79 F.3d 212, 218 (1st Cir. 1996). "Generally, expert services have been found necessary when the proffered expert testimony was pivotal to the indigent defendant's defense." Id.

Reid is charged with robbing the Hess Gas Station and Convenience Store on North Main Street in Concord, New Hampshire, on February 13, 2005.  The clerk of the store, Renee King, testified that Reid took cash from the cash register and a six-pack of Budweiser beer.  A customer at the store at the time of the robbery, David Broadbent, identified Reid as the only other customer in the store.  Deborah Poirier testified that Reid drove her car, with her as a passenger, from Manchester where they had been smoking crack cocaine, to Concord, intending to rob a convenience store to get money to buy more crack cocaine.

At Reid's first trial, police officers testified that a six-pack of Budweiser beer was found not far from the Hess Station, that footprints in the snow were found in the area, and that currency was found near Reid when he was apprehended.  The police took photographs of and made impressions from the footprints found near the scene of the robbery.  Reid acknowledged that the knit hat, boots, and leather coat the government produced at trial belonged to him.

Timothy Jackson of the New Hampshire State Police Forensic Laboratory testified about the footwear impressions and identified Reid's boots as the footwear that made the prints in the snow near the scene of the robbery.  The government also called Lisa Corson, a criminalist who works with fingerprint

2

evidence at the New Hampshire State police Forensic Laboratory. Corson testified that she examined fingerprint lifts from the crime scene and did not find any matches to Reid.  She also testified about the nature of fingerprint evidence.

A.  <u>Footwear Impression Expert</u>

Reid asks the court to approve services by a forensic shoe impression identification analyst, Bodziak Forensics, to initially review the government's evidence and the reports, photographs, and methodologies used by Jackson on behalf of the government.  Reid states that if appropriate, he will call an employee from Bodziak Forensics to testify as an expert at trial. In support of his request, Reid provides background and expert qualification information about William Bodziak, who founded Bodziak Forensics, and states that his hourly fee would be $200.00.  Reid further represents that Bodziak estimated a total of $4,000.00 in fees if he or one of his associates provided the requested services, including testifying at trial.

Reid contends that these services are necessary because the government relied heavily on Jackson's testimony that the footprints near the Hess Station were made by Reid's boots.  The court agrees that Reid is entitled to expert services under § 3006A(e)(1) for footwear impression analysis.

B.  Forensic Meteorologist

At trial, the government introduced photographs that witnesses testified were taken on the night of the robbery. It was undisputed that it had snowed during the day of the robbery. While some of the photographs showed fresh snow, others did not. Reid requests the services of Kevin Williams or Joshua Nichols, who are employed by Weather-Track, Inc., in Penfield, New York, to review the photographs and the weather records for the day of the robbery both to assist in educating Reid for cross examination of the government's witnesses and to provide an opinion as to whether the photographs are consistent with the weather on that day. Reid provides Kevin Williams's credentials and advises that Williams would charge $125.00 per hour, other than for testimony at trial, that would total $750.00. He charges an additional undisclosed fee for testimony at trial.

Reid argues that the services of Williams or his associate, Nichols, are necessary to address expected government evidence about the differences in the photographs with respect to snow. The court authorizes Reid to obtain the services of Williams or Nichols as he proposes.

4

C.  <u>Fingerprint Expert</u>

Reid requests authorization to employ a fingerprint identification analyst to first review the government's fingerprint evidence and, if appropriate, to testify at trial about his opinions. Reid seeks the services of Ivan Futrell, who previously worked with the FBI and is certified in latent fingerprint examination. Futrell estimated that his services would cost approximately $2500.00.

At the first trial, the government presented evidence, as noted above, that Reid's fingerprints were not found at the Hess Gas Station. Reid anticipates that the government will downplay that lack of evidence. Reid does not explain specifically, however, in what way Futrell's expected expert assistance is necessary for his defense.

Given the testimony at the first trial, it is undisputed that Reid's fingerprints were not identified among latent fingerprints taken from the Hess Station. In this case, fingerprint evidence is not "the primary means of connecting the defendant to the crime" nor does it provide any evidence of Reid's connection to the robbery. <u>Manning</u>, 79 F.3d at 218. Instead, it appears that Reid hopes to use Futrell to show that he is not connected to the robbery because his fingerprints were not found at the scene. He has not provided any basis for such a

theory, however, much less a basis for concluding that those services would be "pivotal" to the defense. Id. Therefore, Reid's motion for authorization of a fingerprint expert is denied.

## Conclusion

For the foregoing reasons, the defendant's ex parte motions for services, a footwear impression expert and a meteorologist, (documents no. 178 and 179) are granted. The defendant's motion for a fingerprint expert (document no. 180) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 13, 2006

cc: Gordon Reid, pro se
    Michael J. Iacopino, Esquire