UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                        Criminal No. 05-cr-057-JD

<u>Gordon Reid</u>

<u>SEALED ORDER</u>

    Gordon Reid moves ex parte and under seal to withdraw certain motions that are duplicates of motions filed by his standby counsel, moves for payment for services other than counsel, and seeks to subpoena the personnel records of Renee King from her former employers. These motions are resolved as follows.

    Reid's motion to withdraw his ex parte motions for services other than counsel and his motions to seal those motions is granted. Documents numbered 209, 210, 211, 213, 214, and 215 are withdrawn. Those documents will remain sealed until removed from the docket, and any file copies will be shredded.

    Reid moves for payment for services other than counsel to retain a psychologist, Donald Davidoff, Ph.D., to testify at trial and to have his investigator conduct certain interviews. His request is made pursuant to 18 U.S.C. § 3006A(e) and § 3006A(d)(4)(B). Reid's motion to approve payment to Dr. Davidoff for his appearance at trial is approved. Reid moves to have his

investigator interview certain persons Deborah Poirier identified during trial as being present when Reid consumed crack cocaine on the night of the robbery. He explains that he was not aware of these witnesses until Poirier testified. He also notes that Oliver Broadbent is alleged to have been present during the alleged robbery and asks for payment for his investigator to interview him.

Reid's request for payment to his investigator to interview the people identified by Deborah Poirier is granted. With respect to Oliver Broadbent, however, Reid has been aware since early in this case that he was present at the store on the night of the robbery with his father, David Broadbent, who identified Reid on the night of the robbery and testified at the suppression hearing and at trial. Further, the court believes that Oliver Broadbent is a minor. The court will allow payment to the investigator to interview Oliver Broadbent with the conditions, if he is indeed a minor, that the investigator first contact Oliver Broadbent's parents to seek their permission and to arrange for the interview, allow the parents to be present during the interview, and conduct an interview in a manner that is appropriate given the witness's age. If at any time during the interview Oliver Broadbent or his parents want to terminate it, the investigator shall cease questioning and leave promptly.

Both Oliver Broadbent and his parents have a right to deny permission for an interview and the investigator shall respect that right if they choose to exercise it.

Reid also moves for a subpoena duces tecum for Renee King's personnel records pursuant to Federal Rule of Civil Procedure 17(b) and (c).  Subpoenas issued under Rule 17(c) are not a means of general discovery in criminal cases.  <u>Cheney v. U.S. Dist. Ct. for Dist. of Columbia</u>, 542 U.S. 367, 386 (2004); <u>Bowman Dairy Co. v. United States</u>, 341 U.S. 214, 220 (1951).  Therefore, a defendant seeking a subpoena duces tecum pursuant to Federal Rule of Criminal Procedure 17(c) must show:

> (1) that the documents are evidentiary and relevant;
> (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

<u>United States v. Nixon</u>, 418 U.S. 683, 698 (1974); <u>accord</u> <u>United States v. Shinderman</u>, 232 F.R.D. 147, 150 (D. Me. 2005).

Reid states that he needs Renee King's employment records to defend against the government's assertion that Reid's threats of violence put King in fear and that she was so affected by the threats that she has been unable to maintain employment since the robbery.  He apparently hopes to find evidence in the employment

3

records that King left her subsequent employment for reasons other than concerns caused by the robbery or that her subsequent employment was not affected as she has testified.  As such, King seeks impeachment evidence against King on the peripheral topic of whether fear caused by the robbery affected her subsequent employment.

While such evidence, if found, might be relevant for impeachment purposes and is not likely to be otherwise available, it is not so important as to impair Reid's ability to properly prepare for trial.  "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."  Nixon, 418 U.S. at  701.  Further, there is no basis to believe that such evidence exists.  This is nothing more than a fishing expedition involving a peripherally relevant matter, which is not a permitted use of Rule 17(c).

## Conclusion

For the foregoing reasons, the defendant's motion to withdraw (document no. 218) and to seal (document no. 217) are granted.  The defendant's motion for services other than counsel (psychologist) (document no. 222) and to seal (document no. 221) are granted.  The defendant's motion for services other than counsel (investigator) (document no. 216) and motion to seal

4

(document no. 212) are granted subject to the conditions in this order.  The defendant's motion for subpoenas (document no. 220) is denied; the motion to seal (document no. 219) is granted.

Reid shall provide his investigator with a copy of that part of this order that provides the conditions for the interview with Oliver Broadbent.  The investigator shall inform Oliver Broadbent's parents of the interview conditions set forth in this order at the time he initially contacts them and of their right and their son's right to refuse permission for the interview.  The investigator shall comply with the conditions in the order.  Failure to comply with the conditions placed on the interview with Oliver Broadbent is subject to penalty for contempt of court.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

March 22, 2006

cc:  Gordon Reid, pro se
     Michael J. Iacopino, Esquire