```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                              Criminal No. 05-cr-057-JD

Gordon Reid

O R D E R

Gordon Reid is charged with one count of robbery under the Hobbs Act, 18 U.S.C. § 1951. His first trial ended in a mistrial when the jury was unable to reach a unanimous verdict. Before second trial, Reid has filed a variety of motions, many of which are duplicates of motions he filed before his first trial. The deadline for filing pretrial motions has now passed, and the pending motions that are not being held in abeyance and that have responses from the government are resolved as follows.

I. Discovery

The constitution does not mandate discovery in criminal cases. United States v. Caro-Muniz, 406 F.3d 22, 29 (1st Cir. 2005). Federal Rule of Criminal Procedure provides for discovery and disclosure in criminal cases. Rule 16(a) requires initial disclosures by the government, and Rule 16(c) imposes a continuing duty on the government to disclose evidence or material that is subject to discovery or inspection under Rule 16 and in compliance with previous court orders.

A.  <u>Negatives and Photographs</u>

Reid moves to compel the government to provide him with negatives and photographs printed from the negatives of "any and all photographs taken." That request is apparently broader than the certain black and white photographs that were at issue in the first trial. On February 27, 2006, the court ordered the government to provide Reid with copies of the black and white photographs. Reid represents that the government gave him photocopies of the photographs rather than actual photographs made from the negatives. The government represents that it gave Reid photocopies of all photographs in the government's possession. He contends that he needs the actual negatives and photographs to properly scrutinize that evidence and also, possibly, for review by an expert witness.

The government does not object to providing Reid with actual photographs made from the negatives. The government does object to providing the negatives to Reid, because the negatives are the original evidence, but offers to allow standby counsel and any expert retained by Reid to view the negatives. The government also offers to permit defendant to view the negatives in court at the next scheduled court meeting.

Although it is not entirely clear which photographs are in question, based on the government's representation, it would appear that the issue raised in Reid's motion is resolved.

B.   Motion to Compel Further Discovery

Reid seeks an order to require the government to turn over to him all information in its possession pertaining to a robbery of a Dunkin Donuts store in Grafton County, New Hampshire, that involved Renee King's brothers.  Reid bases his motion on Renee King's testimony during the suppression hearing that her brothers had been accused of such a robbery.  As the government points out, Reid previously moved to compel the same evidence and that motion was denied on February 13, 2006.  The government further represents that it has disclosed all information pertaining to Renee King's brothers.

Therefore, the motion is denied.

II.   Motions Pertaining to Reid's Previous Incarceration and Criminal Record

In separate motions, Reid moves to preclude the government from referring to or eliciting testimony about his previous incarceration and from referring to or eliciting testimony about his criminal record.  Reid raised the same issues in motions filed before his first trial.  The government is directed not to refer to or elicit testimony about Reid's previous incarceration or his criminal record without first seeking permission from the court to do so.  The court will then rule on the matter in the context of the evidence produced at trial.  The government and

standby counsel shall instruct witnesses not to mention these matters during their testimony.

III.  Chain of Custody

Reid has notified the government that he intends to require the government to establish the chain of custody as to any item it introduces at trial.  In response, the government points out that Reid admitted at trial that certain items introduced at the first trial were his property.  The government argues that in light of those admissions, it should not be required to prove the chain of custody as to each item introduced.

Proof of the chain of custody authenticates both the source of the item and that it has not been altered or adulterated, by establishing that it is more likely than not that the offered item is what it purports to be.  Fed. R. Evid. 901(a); United States v. Abreu, 952 F.2d 1458, 1467 91st Cir. 1992).  "A possible defect in the chain of custody for a certain piece of evidence factors into the weight given to the evidence rather than its admissibility."  United States v. Scharon, 187 F.3d 17, 22 (1st Cir. 1999).

During the first trial, the government had to recall witnesses in order to address chain of custody matters.  The court expects the government to address chain of custody matters during each witness's direct testimony so as to avoid undue delay

in recalling witnesses. Once Reid has had an opportunity to review the transcript of the first trial, he shall notify the government if any chain of custody issue can be agreed to (i.e. with reference to specific items).

IV. Sequestration

Reid moves to have all witnesses sequestered from the courtroom until they testify and are discharged. The government does not object. The motion is granted. The government and standby counsel shall instruct all witnesses that a sequestration order is in effect and that they are not to discuss their testimony with other witnesses.

V. Motions to Dismiss

Reid has refiled motions to dismiss that were denied before his first trial, specifically, he again moves to dismiss for lack of a speedy indictment and to dismiss the superseding indictment for lack of specificity as to the required intent. The motions to dismiss for lack of speedy indictment and lack of specificity of intent are denied for the reasons stated in the court's orders issued on February 1, 2006, and February 7, 2006.

Reid also moves to dismiss the indictment on the grounds of selective prosecution. Before his first trial, Reid filed four motions seeking discovery from the government to support his

allegations of selective prosecution.  His theory then and now is that the United States Attorneys in New Hampshire prosecute defendants, including him, on Hobbs Act violations based on their race.  Reid's principal point is that the federal prosecutors brought the Hobbs Act charge against him but not against Deborah Poirier, who rode in the car with him on the night of the alleged robbery and who is white.  The court denied Reid's requests for discovery on the issue of selective prosecution on the ground that he had not provided any credible evidence of discrimination.

Although Reid's argument is presented in terms of a motion to dismiss rather than a motion for discovery on the issue of selective prosecution, it is no more persuasive.  For the reasons stated in the court's order issued on January 13, 2006, the motion is denied.


## Conclusion

For the foregoing reasons, the defendant's motion to compel (document no. 202) is terminated based on the government's represented solution.  The defendant's motion to compel further discovery (document no. 171) is denied.  The defendant's motions to exclude evidence of his previous incarceration and criminal record (documents no. 190, 191, 192) are granted subject to the condition set forth in this order.  The defendant's motion to sequester witnesses (document no. 197) is granted.  The

defendants' motions to dismiss (documents no. 193, 196, and 201) are denied.

    SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

March 28, 2006

cc:  Gordon Reid, pro se
    Michael J. Iacopino, Esquire
    Helen W. Fitzgibbon, Esquire
    Clyde R.W. Garrigan, Esquire
    U.S. Probation
    U.S. Marshal