```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                              Criminal No. 05-cr-57-JD

Gordon Reid


SEALED ORDER

Gordon Reid filed an ex parte sealed motion requesting funds to pay for a forensic fingerprint analyst who would "review the discovery reports and photographs . . . and the Government's analysis or lack thereof, of the latent fingerprint evidence and items which could have or should have been examined for latent fingerprint evidence." The court denied the motion because Reid had not explained how the fingerprint analyst's evidence was necessary for his defense. Reid now moves for reconsideration of that order, based on a new theory that he contends he did not have time to pursue initially because of the time constraints imposed by the court's scheduling order.

For purposes of reconsideration, Reid asserts that he intends to use the services of the fingerprint analyst to conduct "fingerprint comparison of the latent fingerprint impressions lifted off of the six-pack of Budweiser found in the area of the Merrimack County Attorney's Office Building, and those of several officers involved in the so-called 'investigation' of this case."

Reid contends that such evidence will be used to attack the integrity of the investigation and prosecution of this case, in particular, to bolster his defense that the government is biased and prejudiced against him and has fabricated or mishandled evidence.  Specifically, Reid argues that the fingerprint analyst will help him show that "(1) the photographs of the six pack of Budweiser were posed, (2) that evidence has been fabricated, and/or (3) that evidence has been mishandled."

Even if this newly-minted theory had been timely presented, it would have been unavailing.  As the court has previously explained to Reid, in order to obtain payment for services under 18 U.S.C. § 3006A(e)(1), he must convince the court that the requested services are necessary for an adequate representation.  United States v. Manning, 79 F.3d 212, 218 (1st Cir. 1996).  A fingerprint expert is necessary only if fingerprint evidence is likely to be pivotal in the case, such as when that evidence provides "the primary means of connecting the defendant to the crime."  Id.; see also United States v. Salameh, 152 F.3d 88, 118, (2d Cir. 1998); United States v. Walborn, 730 F.2d 192, 194 (5th Cir. 1984).  At a minimum, a defendant must have a plausible defense that requires expert services, otherwise the government could be forced to finance a "fishing expedition."  United States v. King, 356 F.3d 774, 778 (7th Cir. 2004).

Reid's request falls into the category of a fishing expedition with little or no justifiable basis.  The beer is not the only means of connecting him to the scene of the crime and is far from a pivotal piece of evidence in the case.  More importantly, whether or not the police officers' fingerprints are found on the beer will prove little or nothing because it is undisputed that the police found the beer and handled it.

Therefore, Reid has not shown, on reconsideration, that the court erred in denying his request for the services of a forensic fingerprint analyst.

## Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 248) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

April 7, 2006

cc:   Gordon Reid, pro se
      Michael J. Iacopino, Esquire