UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                                         Criminal No. 05-cr-057-JD

<u>Gordon Reid</u>


O R D E R

Gordon Reid is charged with one count of robbery of the Hess Gas Station and Convenience Store in Concord, New Hampshire, under the Hobbs Act, 18 U.S.C. § 1951. His first trial ended in a mistrial when the jury was unable to reach a unanimous verdict. Reid, proceeding pro se, files a motion for judgment of acquittal or to dismiss the indictment and four motions in limine to exclude evidence. The government has filed objections to the motions.

I. <u>Motion for Judgment of Acquittal or to Dismiss the Indictment</u>

Reid asserts that he is entitled to a judgment of acquittal, or in the alternative, dismissal of the indictment in this case based on his allegations of prosecutorial and police misconduct. Reid alleges that the prosecutors pressured Deborah Poirier into recanting her original statement about her lack of knowledge of the robbery of the Hess Store and giving a second statement that implicated him in the robbery. He also alleges that Poirier's second statement was fabricated and that the prosecutors

knowingly used Poirier's perjured testimony at his first trial. He further alleges that the government knowingly used false evidence and perjured testimony about evidence found on the night of the robbery by the Concord police.

Prosecutorial misconduct that deprives a defendant of a fail trial is grounds for a new trial.  <u>United States v. Casas</u>, 425 F.3d 23, 38 (1st Cir. 2005).  Under Federal Rule of Criminal Procedure 29(c), a defendant may move for a judgment of acquittal after the jury has been discharged based on a claim that the evidence was insufficient to sustain a conviction.  A judgment of acquittal for government misconduct "might be warranted in the event that deliberate misconduct of Government counsel is so outrageous as not only to render the trial in progress unfair but also to make a fair trial in the future impossible."  <u>United States v. Lema</u>, 909 F.2d 561, 569 n.12 (1st Cir. 1990) (internal quotation marks omitted).  "In rare and extreme circumstances, a federal court has the authority to dismiss criminal charges as a sanction for government misconduct."  <u>United States v. Guzman</u>, 282 F.3d 56, 59 (1st Cir. 2002).

Far from demonstrating outrageous or extreme government misconduct, Reid has not proven that any government misconduct occurred at all.  Reid's suspicions, allegations, and theories are insufficient to support his motion.  Therefore, the sanctions he requests are not appropriate.

II.  Motion in Limine IV (Evidence of Prior Bad Acts)

Reid moves to exclude testimony at trial about his use of crack cocaine on the night of the robbery and on other occasions. The government confirms that Deborah Poirier and Rosita Ellison will testify at trial about Reid's drug use on the night of the robbery and on prior occasions, along with other conduct by Reid, to "prove[] facts at issue in the case including motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident." Obj. at 2 (internal quotation marks omitted). The government also states that it "does not waive the right to argue this is not 'bad acts,'" [sic] but is relevant, intrinsic evidence concerning the crime charged" and argues that the same evidence "may also be admissible as incriminating admissions by the defendant." Id.

"The admissibility of Rule 404(b) evidence is considered in two steps: 'first, a court must determine whether the evidence in question has any special relevance exclusive of defendant's character or propensity; and second, notwithstanding its special relevance, whether the evidence meets the standard set forth in Fed. R. Evid. 403.'" United States v. Landrau-Lopez, 2006 WL 888097, at *3 (1st Cir. Apr. 6, 2006) (quoting United States v. Decicco, 370 F.3d 206, 211 (1st Cir. 2004)). The special relevance step is also analyzed under a two-prong test: "'the remoteness in time of the other act and the degree of resemblance to the crime charged.'" Id. (quoting Decicco, 370 F.3d at 212).

Rule 403 balances the probative value of evidence against the likelihood of unfair prejudice.  <u>Id.</u> at *4.

Some of the Rule 404(b) grounds that the government raises in a general manner may be arguably applicable to the challenged evidence of Reid's drug use.  The government has not, however, provided a sufficient showing of "special relevance" or satisfied the Rule 403 requirements to demonstrate that such evidence would be admissible at trial.  This issue can best be addressed in the context of the trial, and its resolution may depend, in part, on what evidence Reid elicits.  Therefore, the admissibility of evidence of Reid's drug use prior to or on the night of the robbery may not be elicited from any witness without prior approval by the court.  Witnesses shall be instructed not to volunteer such information during their testimony.

III.  <u>Motion in Limine V (Testimony of Deborah Poirier)</u>

Reid moves to exclude the testimony of Deborah Poirier on the grounds that her testimony is unreliable and would be perjury and that the government has withheld exculpatory evidence.  Reid also asserts that the government should be precluded from offering Poirier's testimony under Federal Rule of Criminal Procedure 16(d)(2)(C).  The alleged inconsistency in Poirier's testimony, which is the basis of Reid's motion, is the date when the government knew that Poirier recanted her first statement, made to a Concord police officer, about the robbery.  Reid

asserts that the government represented that it first knew of Poirier's recantation about November 22, 2005, while Poirier testified that she recanted her statement in August of 2005 and met with the federal prosecutor shortly after that time.

In response, the government represents that it has provided Reid with all discoverable information about Poirier, including information about her cooperation with the government and the pending federal charges against her.  The government also points out that Reid has asserted the same inconsistency about the date of Poirier's recantation and meeting with the government in support of his motion to disqualify AUSA Helen Fitzgibbon.  The government refers the court to its objection to that motion and affidavits filed with the objection.[1]

In the absence of any proof of Reid's assertions and theories, there is no basis to exclude Poirier's testimony or find any discovery misfeasance by the government.  The court also reiterates its previous ruling about Poirier's trial testimony: "It is not uncommon for a witness to have given inconsistent statements for a variety of reasons.  It is for the jury to assess a witness's credibility and to determine what weight it is to be given." Endorsed Order, Feb. 14, 2006.

---

[1] Because the court granted Reid's motion to delay consideration of his motion to disqualify to give him an opportunity to review trial transcripts, the court will not consider the affidavits submitted in opposition to the motion to disqualify for purposes this motion to exclude Poirier's testimony.

IV.  <u>Motion in Limine VI (Reference to "Robbery")</u>

Reid asks that the government be precluded from referring to the incident at the Hess store as a "robbery" and from eliciting testimony from witnesses about a "robbery" at the store.  He argues that whether or not a robbery occurred at the Hess store on the night in question is a matter in dispute.  Given the jury instructions that will explain the nature of the charge, the elements of the crime charged, and the government's burden to prove all of those elements, references to the incident as a "robbery" are not improper.

V.  <u>Motion in Limine VII (Hearsay)</u>

Reid moves to exclude testimony from Deborah Poirier about statements he made to her on the night of the robbery that he was going to rob a store and that he was going to buy a toy gun for the purpose of robbing a store.  Reid contends that those statements are inadmissible hearsay.  The government responds that those statements are admissions and not hearsay under Federal Rule of Evidence 801(d)(2).

"Rule 801(d)(2)(A) exempt[s] from the hearsay rule a party's own statement when offered against that party." <u>United States v. Garza</u>, 435 F.3d 73, 77 (1st Cir. 2006); <u>United States v. Shea</u>, 211 F.3d 658, 668 (1st Cir. 2000).  Therefore, a government

6

witness can recount at trial out-of-court incriminating statements made by the defendant to that witness.  Id.

The challenged statements are not hearsay under Rule 801(d)(2)(A).

## Conclusion

For the foregoing reasons, the defendant's motion for judgment of acquittal (document no. 177) is denied.  The defendants motions in limine are resolved as follows: the motion IV to exclude evidence of prior bad acts (document no. 239) is granted without prejudice to the government during the course of the trial to obtain prior approval from the court to elicit such evidence, and witnesses shall be instructed not to volunteer such information during their testimony; the motion in limine V to exclude the testimony of Deborah Poirier (document no. 240) is denied; the motion in limine VI to prohibit any reference to "robbery" (document no. 237) is denied; the motion in limine VII to exclude hearsay (document no. 238) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 17, 2006

cc:  Gordon Reid, pro se
     Michael J. Iacopino, Esquire
     Helen W. Fitzgibbon, Esquire
     Clyde R.W. Garrigan, Esquire