UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                              Civil No. 05-cr-057-JD

<u>Gordon Reid</u>

<u>O R D E R</u>

On April 27, 2006, Gordon Reid filed motions for transcripts, for a stay of the proceedings, for access to the court, and for a protective order.[1]  On May 10, Reid filed a supplemental motion for transcripts.  The government moves for an extension of time to respond, in order to receive reports that it has requested from the Strafford County House of Corrections pertaining to recent incidents at the jail involving Reid.

Reid represents in his affidavit attached to his motion for access to the court (document no. 278) that in the middle of March, following an incident when he refused to lock down, he was told by Captain McPherson that other inmates resented the amount of time Reid spent working on his criminal defense and that if Reid continued to receive incident reports, McPherson would move him to "HP1" where it would be more difficult for him to work on

---

[1] The government states that the motion to stay includes Reid's renewed motion for transcripts.  Those motions are docketed separately as document number 276 and number 277.

the law computer.  Reid states that on March 30, 2006, he was attacked by another inmate and was given an incident report for fighting.  He was then moved to "HP2" and put in twenty-three hour lock-down without access to writing materials or the law computer.  After Reid was moved to "H Unit," he was involved in a second incident on April 14, 2006, and he was returned to "HP2," "D Unit," again without access to law materials or the law computer.  Reid also states that he was denied access to the telephone.

Before the incidents occurred that have led to Reid's current motions, Reid was granted an opportunity to supplement his pending motions to dismiss and to disqualify Assistant United States Attorney Fitzgibbon after he received the transcripts from his first trial.  The transcripts of Reid's first trial were produced and sent to Reid at the Strafford County House of Correction by April 18, 2006.  In his supplemental motion for transcripts, Reid states that on April 26, 2006, Lieutenant Cullen brought him transcripts in a single stack without their envelopes or covers.  He says that after inspection, he concluded that the transcripts appeared to be incomplete.  A hearing is scheduled to be held on May 16, 2006, to address the issue of the transcripts.  Because the transcript issue will be resolved at the hearing on May 16, 2006, there is no need at this time to

stay these proceedings or to extend the deadlines for supplemental responses to the pending motions, based on the transcripts.

Reid moves for a stay of these proceedings until the court rules on his motions for transcripts, for access to the court, and for a protective order.  Reid argues that the time he spent in restricted housing after the incidents noted above has impaired his ability to prepare his defense.  He also asks the court to order that he have access to a law library and to restore the opportunities for access to legal materials and the telephone that he had before the incidents in March and April of this year.

Although a criminal defendant has a Sixth Amendment right to represent himself, that right does not require unlimited access to a law library or law materials.  See Kane v. Garcia Espitia, 126 S. Ct. 407, 408 (U.S. 2005) (citing cases).  When, as here, standby counsel is available to assist a criminal defendant, however, his right to represent himself and his right to have access to a law library or legal materials are subject to reasonable restrictions.  See, e.g., United States v. Sarno, 73 F.3d 1470, 1491 (9th Cir. 1995); Caton v. Maze, 995 F.2d 881, 881 (8th Cir. 1993); Barham v. Powell, 895 F.2d 19, 23 (1st Cir. 1990); Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir. 1985).

This case was tried to a hung jury in February of this year and will be retried beginning on July 18, 2006. Reid was very well prepared in the first trial, and the second trial will begin only six months after the first trial ended. Given the proximity of the two trials, the lack of significant new issues to be addressed in the second trial, and Reid's access to his standby counsel for assistance, Reid has ample time to prepare for the second trial.

The reports that the government has requested from the jail and other information about the incidents and circumstances, which Reid cites as the basis for his motions, are likely to be material to the resolution of those motions. The government is granted an extension of time to respond, with appropriate factual support, to Reid's motions for access to the court (document no. 278) and for a protective order (document no. 279) on or before **May 24, 2006.**

## Conclusion

For the foregoing reasons, the defendant's motion for transcripts (document no. 276) is denied as moot, and the defendant's supplemental motion for transcripts (document no. 283) will be resolved at the hearing to be held on May 16, 2006. The defendant's motion for a stay (document no. 277) is denied.

The government's motion for an extension of time (document no. 281) is granted to the extent that the time for filing the government's response is extended to **May 24, 2006.**

The remaining deadlines are not changed, and the trial will proceed as scheduled on July 18, 2006.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

May 15, 2006

cc: Gordon Reid, pro se
    Michael J. Iacopino, Esquire
    Helen W. Fitzgibbon, Esquire
    Clyde R.W. Garrigan, Esquire
    U.S. Probation
    U.S. Marshal