UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                         Criminal No. 05-cr-57-JD

<u>Gordon Reid</u>

<u>O R D E R</u>

     Gordon Reid is charged with one count of robbery under the Hobbs Act, 18 U.S.C. § 1951.  He is proceeding pro se with standby counsel.  His first trial ended in a hung jury, and his second trial will begin on July 18, 2006.  On April 27, 2006, Reid file a motion for access to the court and a motion for a protective order, both of which are based on the circumstances of his confinement following an incident at the jail when Reid was "written up" for fighting.  The government has now filed its responses to those motions.

     In his motions, Reid represents that after the fighting incident, the jail denied him access to "the law computer containing the Federal Lexis/Nexis and [Reid's] electronic files," seized his "writing implements," and would not allow him to make or receive telephone calls.  Reid further states that after a second incident, the jail seized his legal papers and law books.  He asks the court to order the jail to allow him to have access to a law library, to have access to the computer that he

was using previously, to return his law books, files, and documents, to return his writing implements, and to restore his ability to make and receive telephone calls.

In its responses to Reid's motions, the government states that Reid "has been cited by jail officials for several infractions and is currently under investigation by the Strafford County Sheriff's Department for further criminal behavior, i.e., assault on other inmate(s)." The government further states that because of those incidents, Reid is now housed in a secure unit and that his access to the computer was suspended. The government represents that Reid's computer access has been reinstated and that his legal files and materials will be returned to him to the extent they do not present a security risk.

The government appended a copy of a notice sent to Reid by the jail on May 23, 2006, which states that Reid's mail will be opened in his presence, his legal files will be returned as long as there is no security issue, he will have one hour per day of tier time, his attorney can call him "on the attorney phone on the unit," and Reid will be allowed out of his cell to receive calls from his attorney depending on his behavior. The notice further provides that as long as Reid is in the maximum security unit he will be governed by the maximum security guidelines.

Reid has moved to strike the government's responses to his motions. In support of his motion to strike, Reid appended a copy of a letter from Assistant United States Attorney Donald Feith to the superintendent of the Strafford County House of Corrections, asking for information about the incidents at the jail involving Reid and about transcripts that were sent to Reid at the jail. Because that letter is dated May 12, 2006, and the government requested an extension of time to respond to Reid's motions on May 9, 2006, in which it stated that it had "requested, and is awaiting, reports from the Strafford County house of Corrections," Reid accuses the government of misrepresenting the basis for the motion to extend. The date of the letter alone, however, does not show a misrepresentation by the government. Therefore, the motion is denied.

Reid also filed a reply, without seeking leave to do so, and moves for an evidentiary hearing on his motions, based on his belief that the government would file "Information Reports" about his conduct at the jail in support of their responses. Contrary to Reid's assumption, however, the government did not file any reports about his conduct at the jail. No hearing is required to address Reid's conduct or the jail's reports.

Based on the government's responses, it appears that Reid now has access to the computer that he previously used for his

legal work, that his legal files have been or soon will be returned to him, and that he will be allowed to have telephone contact with his attorney. He also has access to writing implements, which is demonstrated by the motions he has filed during the last few weeks. Therefore, the relief he sought in his pending motions has been provided by the jail.

## Conclusion

For the foregoing reasons, the defendant's motions for a protective order and access to the court (documents no. 278 and 279) are terminated as moot. The defendant's supplemental motion for transcripts (document no. 283) was resolved at the hearing held on May 16, 2006, and is terminated. Reid's motion to strike and motion for a hearing (documents no. 292 and 293) are denied.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

May 31, 2006

cc:  Gordon Reid, pro se
     Michael J. Iacopino, Esquire
     Helen w. Fitzgibbon, Esquire
     Clyde R. W. Garrigan, Esquire
     U.S. Probation
     U.S. Marshal