UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                            Criminal No. 05–cr–057–JD

Gordon Reid


SEALED ORDER


Gordon Reid moves ex parte and under seal seeking two subpoenas duces tecum pursuant to Federal Rule of Criminal Procedure 17(c). Specifically, Reid wants to subpoena insurance records related to the robbery of the Hess Express store on February 13, 2005, and records from John's Wrecker Service pertaining to towing or moving a Chevrolet Geo Metro from the parking lot behind the Merrimack County Superior Court.

"A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c). Rule 17(c) does not provide a means for discovery in criminal cases. Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 386 (2004). To obtain a subpoena for the materials Reid seeks before trial, he must show:

> (1) that the documents are evidentiary and relevant;
> (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of

> trial and that the failure to obtain such inspection
> may tend unreasonably to delay the trial; and (4) that
> the application is made in good faith and is not
> intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 698-700 (1974).

I.   Motion for Records from John's Wrecker Service

Reid seeks records from John's Wrecker Service pertaining to towing or moving the Chevrolet Geo Metro, that he allegedly drove from Manchester to Concord, from the parking lot behind the Merrimack County Superior Court.  Reid notes that there was snow on the ground on February 13, 2005, when the robbery occurred, but that some of the government's photographs of the car do not show snow.  He contends that the records from the wrecker service are relevant to his theory that the government staged some of the pictures of the car because of the lack of snow in some of the pictures.

Although the records Reid seeks may be only tangentially relevant to impeach the government's proof, his request is granted.

II.  Motion for Insurance Records

Reid seeks records from Hess Express related to any insurance claim made for its loss caused by the robbery on February 13, 2005.  He contends that because the testimony during

his first trial was not consistent as to the amount of money that was stolen in the robbery, the insurance records are necessary to establish that amount for purposes of showing that the effect of the robbery on interstate commerce was de minimis and that the money found near him at the time of his arrest was not the money that was stolen from the station.

A.   Affecting Interstate Commerce

The Hobbs Act makes a robbery that "in any way or degree obstructs, delays, or affects [interstate] commerce" a federal offense.  18 U.S.C. § 1951(a)(1); United States v. Jimenez–Torres, 435 F.3d 3, 7 (1st Cir. 2006).  Even a de minimis effect on interstate commerce satisfies that element of a Hobbs Act offense.  Id.  Robberies involving small amounts of money taken from businesses engaged in interstate commerce affect interstate commerce for purposes of the Hobbs Act.  See United States v. Curtis, 344 F.3d 1057, 1069–70 (10th Cir. 2003).  In addition, a robbery that causes a temporary closure of a business engaged in interstate commerce affects interstate commerce for purposes of the Hobbs Act.  United States v. Vega Molina, 407 F.3d 511, 527 (1st Cir. 2005); accord Jiminez–Torres, 435 F.3d at 8.

Reid does not dispute that Hess Express is engaged in interstate commerce.  Witnesses testified at Reid's first trial

3

that money and a six pack of beer were stolen from the Hess Express store and that the store was closed after the robbery, during the police investigation.  Evidence that money was stolen from the store and that the robbery caused its temporary closure would satisfy the interstate commerce element of the Hobbs Act, without requiring proof of the exact amount of money taken in the robbery.  Therefore, because evidence of the amount of money stolen is not material in this case, Reid has not shown that the insurance records he seeks are relevant to the interstate commerce element of the Hobbs Act.

    B.  Money from Robbery

    Reid contends that the $240 in cash that was recovered from the area near him when he was arrested was his money and was not money taken in the robbery.  In support of his motion, Reid states that witnesses testified at his first trial that different amounts were taken during the robbery, ranging from $160 to $290. He seeks insurance records pertaining to the robbery to "firmly establish" the amount that Hess Express claimed was stolen in the robbery.  A subpoena will be issued to Hess Express for copies of its insurance records arising from the robbery on the night of February 13, 2005.

<u>Conclusion</u>

For the foregoing reasons, the defendant's ex parte motion for issuance of a subpoena duces tecum to John's Wrecker Service (document no. 301) and his ex parte motion for issuance of a subpoena duces tecum to Hess Express (document no. 300) are granted.  The documents or materials designated in the subpoenas shall be produced, under seal, to the clerk of court.  When the items arrive, the court will permit Reid to inspect them.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 9, 2006

cc:  Gordon Reid, pro se
     Michael J. Iacopino, Esquire