```
           UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                        Criminal No. 05-cr-057-JD

Gordon Reid

O R D E R

Gordon Reid has filed a motion to supplement the record, a motion for a nondisclosure order, and a motion to speak to jurors. The court addresses these motions as follows.

1. Motion to Supplement the Record

Before the first trial, Reid claimed that he was being prosecuted on the Hobbs Act charge because of his race. He sought discovery related to a claim of selective prosecution. On January 13, 2006, the court denied Reid's requests for discovery because he had failed to make the necessary showing. See Order, 1/13/2006, doc. no. 60 (citing United States v. Armstrong, 517 U.S. 456, 468 (1996)).

In support of the opposition to Reid's discovery requests, the government provided an Assistant United States Attorney's affidavit contradicting Reid's selective prosecution theory, which among other things showed that similar charges had been brought against non-African-American defendants. The court noted

that a quick review of the court's docket for some of the cases listed by the government supported the government's representation.

Five months later, Reid asks the court to "produce for the record any and all information relied upon by this court in arriving at the within referenced conclusion(s)." The materials submitted by the government in support of its opposition to Reid's motions are sufficient. No supplementation of the record is necessary or appropriate.

2. Motion for Nondisclosure Order

Reid acknowledges that the court previously granted his motion to have all witnesses sequestered from the courtroom until they have testified and are discharged. That order directed the government and standby counsel to instruct all witnesses that a sequestration order is in effect and that they are not to discuss their testimony with other witnesses. Reid now asks the court to prohibit the government from "relaying to any lay witness the testimony of any expert witness, or other lay witness, in whole or part, whether directly or indirectly." The government responds that "[u]ndersigned counsel understands the intention of a sequestration order, and as officers of the Court, will not disclose any witness' testimony to any other witness."

No additional order on the issue of witness sequestration is necessary. However, to avoid any misunderstanding, the order issued on March 28, 2006, prohibits counsel, parties, and their representatives in this case from conveying the testimony of any witness to another witness who will testify at trial.

3. <u>Motion to Speak to Jurors</u>

Reid moves for leave, through a representative, to speak to any of the jurors from the first trial who would consent to do so. He maintains that because the first trial ended in a hung jury, any input from the jurors who served on the first jury would help in his preparation for the second trial. The government opposes Reid's motion on the ground that the extraordinary circumstances necessary for such communication do not exist in this case.

The government correctly points out that the local rules of this district and First Circuit precedent prohibit counsel, parties, or their representatives from communicating with former jurors absent extraordinary circumstances and a sufficient showing of good cause. <u>See</u> LR 47.3; <u>Dall v. Coffin</u>, 970 F.2d 964, 971 (1st Cir. 1992); <u>United States v. Kepreos</u>, 759 F.2d 961, 967 (1st Cir. 1985). Reid's asserted need for input from the former jurors in this case does not approximate the extraordinary

circumstances that might justify such contact.  See, e.g., United States v. Houston, 205 F. Supp. 2d 856, 869 n.12 (W.D. Tenn. 2002).  In addition, at the time the mistrial was declared, with the consent of the parties, the court asked the foreperson of the jury what the split was.  The foreperson responded that there were eleven jurors in favor of a guilty verdict and one juror in favor of a not guilty verdict.  This provides the defendant with sufficient information to assist him in preparing his case.  Therefore, the motion is denied.

## Conclusion

For the foregoing reasons, the defendant's motion to supplement (document no. 314), motion for a nondisclosure order (document no. 316), and motion to speak to jurors (document no. 317) are denied.

SO ORDERED.

                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

June 27, 2006

cc: Gordon Reid, pro se
    Helen W. Fitzgibbon, Esquire
    Clyde R. W. Garrigan, Esquire
    Michael J. Iacopino, Esquire
    U.S. Probation
    U.S. Marshal