UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                          Criminal No. 05-cr-057-JD

Gordon Reid

O R D E R

     The government moved for an in camera inspection of mental health records related to evaluation and treatment of its witness, Deborah Poirier, between June 19 and 21, 2006.[1]  The government's motion was granted on July 17, 2006.  Gordon Reid moves for reconsideration of that decision and contends that he is entitled to have an expert examine the records on his behalf.  Reid also moves for disclosure of all presentence reports generated in United States v. Poirier, 05-cr-175-JD (D.N.H. 2005).

     The court has reviewed, in camera, Deborah Poirier's recent mental health records that were submitted by the government and has determined that certain portions of those records will be disclosed to Reid for purposes of this case.  See Procedural Order, 7/17/06 (document no. 395).  If Reid concludes that he

---

[1] The records were filed, under seal, with that motion, document no. 371.

needs input from an expert to interpret the disclosed portions of those records, he may submit them to Dr. Davidoff who has been retained as Reid's mental health expert.  Further, Dr. Davidoff will be allowed to testify at trial about the disclosed portions of the records.

The court has also reviewed the presentence report prepared in <u>United States v. Poirier</u> and has determined that certain portions of the report will be disclosed to Reid.  Because presentence reports are not Jencks Act material, only exculpatory or impeachment information in a report need be disclosed to a third party in this context.  <u>See</u> <u>United States v. McGee</u>, 408 F.3d 966, 973 (7th Cir. 2005).  Copies of the redacted version of the presentence report was provided to the parties in court on July 18, 2006.

Copies of both the original presentence report and the redacted report are filed under seal in this case.  Because those documents contain personal and confidential information, neither the documents nor the information in them shall be disclosed to anyone other than the parties in this case, counsel in this case, and the parties' expert witnesses.  The disclosed information shall only be used in this case and for no other purpose.

## Conclusion

For the foregoing reasons, the defendant's motion to reconsider the decision to release only excerpts of the medical and psychological records (document no. 388) is denied. The defendant's motion to disclose presentence reports (document no. 387) is granted in part and denied in part. The presentence report in a redacted version has been disclosed.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

July 19, 2006

cc: Gordon Reid, pro se
    Michael J. Iacopino, Esquire
    Helen W. Fitzgibbon, Esquire
    Clyde R. W. Garrigan, Esquire