UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                Criminal No. 05-cr-57-01-SM

Gordon Reid

**O R D E R**

Defendant suggested that he was impeded in filing post-conviction motions and preparing for sentencing because he was allowed inadequate access to legal materials while incarcerated (documents 556 and 563). The initial motion was denied, and, in response to defendant's motion to reconsider (document no. 563), the court directed the government to detail the precise difficulties experienced by the institution in providing defendant with access to his legal materials, and to describe the nature and extent of defendant's access to a law library, legal materials, and/or legal assistance.

The government has responded in detail and it is apparent that the access provided defendant is more than sufficient to permit him to pursue those legal claims he is constitutionally entitled to pursue. Defendant has full access to his own voluminous legal materials in both hard copy and electronic form, he has access to a law library for extended periods every weekday

(and he is taking advantage of that access).  And, defendant has stand-by counsel available.  Except for limitations arising from defendant's own misconduct and concomitant discipline imposed for violations of institutional rules, defendant has sufficient access to the tools necessary to challenge his conviction and sentence directly or collaterally, to file habeas petitions, or to challenge the conditions of his confinement.

The record does not demonstrate that any alleged shortcomings in the prison's administration is currently depriving defendant of his right of access to the courts, or is substantially impeding his ability to prepare or pursue legal claims related to his conviction or sentence.  See Lewis v. Casey, 518 U.S. 343 (1996); Simmons v. Dickhaut, 804 F.2d 182 (1st Cir. 1986).  Accordingly, the motion to reconsider (document no. 563) is denied.

Defendant has filed a motion for leave to reply to the government's representations because he disputes "some" of the assertions made by the government.  Defendant may file a reply, but as a motion to reconsider this denial of his motion to reconsider.

The court previously allowed an extension of time to file motions and objections until his motions regarding access to legal materials were resolved.  That extension terminates with this order, as the matter is now resolved.  Should defendant file a motion to reconsider with respect to access to a law library, he should assert specific facts demonstrating that his constitutional right of access to the courts is being violated, in which case the issue will be addressed as necessary at the sentencing hearing.  The sentencing hearing is continued until June 4, 2007, to allow defendant additional time to prepare.

Defendant previously suggested an intent to file post-trial motions and motions to reconsider (document no. 546).  He has also filed a motion seeking an extension of time to respond to the Pre-Sentence Investigation Report (document no. 564), which motion is granted, in part.

Defendant shall file post-verdict motions(e.g., for new trial under Fed. R. Cr. P. 33) or motions to reconsider, or other pertinent motions, and shall file any objections he has to the Pre-Sentence Investigation Report and/or motions for departures or non-guidelines sentencing, on or before May 22, 2007.

**Conclusion**

Defendant's motion to extend time (document no. 555) and motion to extend time to object to Pre-Sentence Investigation Report (document no. 564) are granted in part and denied in part. Defendant shall file post-verdict motions, motions to reconsider, objections to the Pre-Sentence Investigation Report, and motions for sentencing departures or for a non-guideline sentence, on or before May 22, 2007.  Defendant's motion for leave to reply to the government's response regarding his current access to legal materials and law library (document no. 567) is granted in part. Defendant may file a motion to reconsider the denial of his motion to reconsider the denial of his motion for miscellaneous relief.  Defendant's motion to reconsider order on motion for miscellaneous relief (document no. 563) is denied.

The sentencing hearing currently scheduled for May 14, 2007, is continued until June 4, 2007, to permit defendant additional time to prepare and file motions and sentencing objections, as desired, but they must be filed on or before May 22, 2007.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 9, 2007

```
cc:   Donald A. Feith, Esq.
      Robert M. Kinsella, Esq.
      Michael J. Iacopino, Esq.
      Gordon Reid, pro se
```