UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                             Criminal No. 05-cr-57-01-SM
                                                    Opinion No. 2008 DNH 033

<u>Gordon Reid</u>

**O R D E R**

Defendant Gordon Reid's motion for recusal (document no. 629) is denied.

The court finds that the motion, filed on the day scheduled for sentencing (previously continued), is interposed for purposes of delay. In addition, the motion is based upon an unsupportable assertion that the undersigned is either partial or that a disqualifying appearance of partiality exists, based upon the resolution of a civil case filed by the defendant, <u>Reid v. Strafford County Department of Corrections, et al.</u>, No. 06-cv-182-SM, in which he made various complaints about the conditions of his confinement. <u>See</u> 28 U.S.C. § 455(a). In that civil case, summary judgment was entered in favor of the defendants by the undersigned by order dated January 15, 2008. Reid, the non-moving party, failed to object or otherwise respond to defendants' motions for summary judgment. Accordingly, the factual statements offered by defendants, as supported by

affidavits and exhibits, were taken as true.  See, e.g., McCrory v. Spigel, 260 F.3d 27, 31 (1st Cir. 2001).  See also Local Rule 7.2(b)(2).  Those facts, even viewed in the light most favorable to Reid, entitled defendants to judgment as a matter of law.

In the order granting summary judgment, the court noted that:

> "While there [in the Strafford County Jail], it appears Reid quickly distinguished himself as a combative, disruptive, and violent inmate.  See, e.g., Affidavit of Superintendent Warren Dowaliby (document no. 12-2) (noting that during his relatively brief detention at the jail, Reid assaulted a corrections officer by throwing a chair at him, attacked other inmates at various times, resisted and/or interfered with a corrections officer, and, on one occasion, stabbed another inmate in the face).

Order (document no. 64) at 1-2.  (emphasis added).  The proffered facts regarding Reid's behavior were relevant to his claims, inter alia, of unconstitutional conditions of confinement, denials of due process in discipline proceedings, and excessive force, because they explained why, on occasion, corrections officers were required to use force against him (e.g., using pepper spray to stop him from assaulting another inmate, placing him in full restraints whenever he was moved out of maximum security/disciplinary segregation, etc.).  Reid now says that the court's "findings" and its exposure to the information in the Warden's affidavits (and presumably other materials) in his civil

suit, are disqualifying with regard to this judge's presiding over his criminal sentencing. See generally, Transcript of Sentencing Hearing (February 1, 2008).

Recusal of federal judges is governed by 28 U.S.C. § 455(a), which requires recusal in any proceeding in which the judge's impartiality might reasonably be questioned. Not only does actual partiality require recusal, but its objective appearance does as well. See United States v. Snyder, 235 F.3d 42 (1st Cir. 2000). Nevertheless, judges are not to recuse themselves lightly under § 455(a), and that provision should not be used by judges to avoid sitting on difficult or controversial cases. Id.

Though not an absolute rule, still, it is generally understood that a judge's decisions on matters before him or her ordinarily do not form a basis for recusal in other cases involving the same party or parties. An "extrajudicial" source for the asserted bias or appearance of bias is generally required. See In re United States, 441 F.3d 44, 67 (1st Cir. 2006). Here, the source of the asserted bias or appearance of bias is not extrajudicial. Rather, it is the affidavits (which Reid chose not to oppose) filed in Reid's civil case. Moreover, Reid's claim of bias or partiality also rests in part upon his misquoting (by not fully quoting) the provision of the order

suit, are disqualifying with regard to this judge's presiding over his criminal sentencing.  See generally, Transcript of Sentencing Hearing (February 1, 2008).

Recusal of federal judges is governed by 28 U.S.C. § 455(a), which requires recusal in any proceeding in which the judge's impartiality might reasonably be questioned.  Not only does actual partiality require recusal, but its objective appearance does as well.  See United States v. Snyder, 235 F.3d 42 (1st Cir. 2000).  Nevertheless, judges are not to recuse themselves lightly under § 455(a), and that provision should not be used by judges to avoid sitting on difficult or controversial cases.  Id.

Though not an absolute rule, still, it is generally understood that a judge's decisions on matters before him or her ordinarily do not form a basis for recusal in other cases involving the same party or parties.  An "extrajudicial" source for the asserted bias or appearance of bias is generally required.  See In re United States, 441 F.3d 44, 67 (1st Cir. 2006).  Here, the source of the asserted bias or appearance of bias is not extrajudicial.  Rather, it is the affidavits (which Reid chose not to oppose) filed in Reid's civil case.  Moreover, Reid's claim of bias or partiality also rests in part upon his misquoting (by not fully quoting) the provision of the order

granting summary judgment in his civil case (i.e., Reid's motion leaves out the words "<u>While</u> <u>there</u>, <u>it</u> <u>appears</u> <u>Reid</u>" before "quickly distinguished himself as a combative, disruptive, and violent inmate, etc.").

As one scholarly publication on the subject of recusal has observed:

> In some cases, the judge's familiarity with aspects of a case comes from having presided over related cases. Here, too, absent unusual circumstances, recusal is unnecessary.  The case of <u>Town of Norfolk v. United States Army Corps of Engineers</u>, [968 F.2d 1438 (1st Cir. 1992)] is illustrative.  A district judge had overseen compliance with a city plan to clean up the Boston Harbor.  In a subsequent case about locating a landfill pursuant to the Clean Water Act, a party moved for the judge's recusal and the judge refused.  The First Circuit upheld the refusal, noting that "a judge is sometimes required to act against the backdrop of official positions he took in other related cases.  A judge cannot be replaced every time a case presents an issue with which the judge's prior official decisions and positions may have a connection."

<u>Recusal:  Analysis of Case Law Under 28 U.S.C. §§ 455 & 144</u>, Federal Judicial Center (2002), p. 26 (quoting <u>Town of Norfolk</u>, 968 F.2d at 1462).  A decision on a recusal motion requires the judge to balance several factors and "must reflect <u>not</u> <u>only</u> the need to secure public confidence through proceedings that appear impartial, <u>but</u> <u>also</u> the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain

4

a judge more to their liking." In re U.S., 441 F.3d at 67 (quoting In re Allied-Signal, Inc., 891 F.2d 967, 970 (1st Cir. 1989) (emphasis in original)).

Reid's motion to recuse on the day of sentencing seems part of his general approach of seeking to delay proceedings to the extent possible, and it is without merit.  While, personally, I would be more than pleased to routinely grant recusal motions and have matters reassigned, I cannot justify doing so in this case, given the applicable legal standard, and I recognize that doing so when a solid basis in law does not exist merely shifts the burden to equally busy colleagues.

Accordingly, the motion (document no. 629) is denied.

**SO ORDERED.**

                                                         _____
                                                         Steven J. McAuliffe
                                                         Chief Judge

February 6, 2008

cc:  Donald A. Feith, Esq.
     Robert M. Kinsella, Esq.
     Michael J. Iacopino, Esq.
     Gordon Reid, pro se